morning counsel morning mr is it bowerman that's correct your honor whenever you're ready sir thank you and uh to start off i'd like to reserve three minutes for rebuttal very well thank you judge restrepo and may it please the court morning your honors my name is alex bowerman i'm pro bono counsel for petitioner k and darby who is a cooperating government witness and a mother for u.s citizens may i just ask wait wait a second um should let me just uh ask whether we are taking any precautions here about the release of this this is currently on live stream does your are there any concerns about proceeding on live stream and with a public transcript i i just i just raised that when you mentioned cooperating witness thank you honor i appreciate the question um the uh the way i planned to present my argument was to refer to um the people in um that are mentioned in the briefs just as people in in jamaica um not to use any of their names um but but miss darby's um uh motion to seal otherwise in this case has been denied um so to speak generally about her claims for relief we're fine uh proceeding thanks well i'll try to remember not to use the names of the other people involved as well but we know who you're referring to yes thank you your honors uh so your honors miss darby advanced two claims before the bia in a motion to reopen a claim for protection under the convention against torture and a request for a so-called sua sponte reopening based upon her new family-based visa eligibility today your honors i'll address the sua sponte reopening claim first including the court's questions about jurisdiction on that claim and i'll address the convention against torture claim second starting with the jurisdiction on the sua sponte reopening claim there does not appear to be a dispute about the basic principles the court has jurisdiction to review an error of law or a constitutional violation miss darby is challenging two aspects of the denial of her request to reopen based on her family-based visa eligibility first honors is the bia's eligibility for adjustment of status that's a pure question of law as this court has explained in decisions like carter pino and hoq it's out of the page 43 of our opening brief there's no real question about the court's jurisdiction to address that issue under the standards set forth in pulumi and the bia did make a legal error in that assessment i can take just a minute to explain why the bia said that miss darby was quote potentially eligible for adjustment of status based on a visa application filed by her son that's at page nine of the appendix and that's incorrect actually so they said they said it twice in one of the concluding paragraphs correct uh that's correct your honor and it's the concluding paragraph that i think really highlights the error here so is that a material misstatement of the law yes your honor it is and so to explain just the for a moment the difference between being potentially eligible and actually eligible miss darby wasn't potentially eligible because it's not that she was going to become eligible in the future if something else happened no wait a second though let me dispute you on that she doesn't have the 212 waiver yet she has to get the waiver the waiver is not automatic so why is it not that she is potentially eligible at least until the waiver comes through because your honor it's a function of timing both applications are submitted at the same time so then she's potentially eligible until the other one comes through respectfully your honor we disagree that she's eligible to apply it's not that she's entitled it's not that she will receive it but at this point there's nothing else that would need to happen except for the case to be reopened in order for her to submit her application but there's a two-step process here i mean if if the government denies the 212 she is not eligible in any form correct your honor i would just dispute the characterization of this as a two-step process it's really a two element process but it's one element process okay call it what you want to call it she has to get past that element if she doesn't she doesn't get relief so at most this is an issue of nomenclature as to whether she's potentially eligible until the waiver comes through um and or you know what you would write before you get to that first hurdle why is it i mean you you're disputing whether it's two step or two element but let's let's say yours is a slightly better way of characterizing it why is this not just a matter of terminology here because your honor as i would have worked practically both applications are ready to be filed to be presented to the same decision maker who will decide whether an exercise of discretion in her favor is appropriate and your honor just to add another data point into this category here about how actually two more data points into how eligible or potentially eligible is used and the oksana shaleen case we cite in our opening brief at page 45 that's where the description is correct the bia recognized that the petitioner there had established prima facie eligibility for adjustment of status because she had married a citizen admitted her applications is there any is there any statute or reg that defines eligible or potentially eligible it's not aware of one it's not defining the statute your honor but on the policy manual is there any governing precedent from this circuit that defines it as a term of art the way it's used in hashmi your honor i think is instructive here um that's not a reopening piece but that was describing somebody who actually had not even had an i-130 approved yet as being eligible because at that point everything that they needed to submit was but we haven't turned it into a term of order codified test in any anything you can point to have we as this court has in your honor but i think both the oksana shaleen decision and the uscis policy manual does in describing who is eligible for adjustment of status the uscis policy manual could you give me the citation to the page or section sure the uscis policy manual at volume seven part b chapter two in describing the list of eligibility requirements for who is eligible to adjust status it says that the applicant applicant must be admissible to the u.s or for lawful for lawful permanent residence or eligible for a waiver of inadmissibility or other form of relief and that's exactly what mr rb was here she's eligible to apply for adjustment of status because she's eligible for a 212 h waiver and if the via had had gotten her eligibility right like it did in the oksana shaleen decision where it described the petitioner there as eligible to apply for adjustment of status it might have come out the other way could you give me the citation for oksana shaleen in the in the spelling yes sir it's at page 45 of our opening it's spelled uh o-k-s-a-n-a uh shaleen is then s-h-u-l-i-n and so your honor one last comment on on this part of of uh the sua sponte claim it's worth noting the only reason miss darby brought this claim in the posture that she did it's because the government kept her in the united states it postponed her removal so she could testify against the person she fears in jamaica during that time her son turned 21 applied for an i-130 and it was granted making her eligible to adjust status so she presented that claim when it arose in conjunction with her request for protection against torture and she contended that all of those facts together constituted exceptional circumstances warranting reopening so this wasn't a claim that she was sitting on if it had arisen at a different time sua sponte reopening wouldn't be an issue because she complied with all the requirements to submit a timely application to reopen um based on new eligibility she had both applications presented um with her motion to reopen and the bia just got it wrong in assessing her eligibility and i made another error which is the second part of our claim on before you before you move on yes sir let me ask whether it really matters um that the bia made a legal error in determining her status of eligibility because this is the point that whether she was eligible or actually eligible isn't a rare or extraordinary circumstance that warrants reopening and so even if they go back and fix that error you you would run into the obstacle of remand futility your honor the point is that their decision doesn't indicate that their decision only contains the error about her eligibility so we would submit your honor even on that point alone the proper approach would be to do what this court did in under the correct legal standards but there is another issue your honor it's that miss darby's claim wasn't based only on her eligibility it was also based on the evidence of extraordinary circumstances she put forward the extreme hardship to her four u.s citizen children of removal as well as her status as a cooperating witness and the bia completely failed to consider that evidence not only in the bia let me ask in the bia is concluding paragraph again when it says and does not in itself constitute an exceptional situation is that what you're referring to the legal error there that they didn't consider the other evidence submitted exactly your honor it's not like some cases where it's just not clear if they had that evidence in mind by saying in itself it showed that they were focusing only on their assessment of her eligibility they did not make their exercise of discretion based on the evidence and arguments that she presented that's both a due process violation and a legal error and so your honors you asked us to address two points on this particular issue the application of torres and the persuasiveness of hope and the answer your honors is that torres's holding does not apply to the claim about a failure to consider evidence the court should instead look to decisions like abdullah jang and hope q those cases show that a complete failure to consider the evidence as a due process violation even complete failure to consider the evidence how does this qualify as a complete failure to consider the evidence because your honor what um i was just discussing with judge estrepo the bia indicated that it declined to find exceptional circumstances warranting sui sponsor we're saying something doesn't rise to exceptional doesn't mean they completely failed to consider it they judged it not to rise to the exceptional circumstances threshold that's correct your honor but the thing that they said didn't rise to that level was her eligibility in and of itself that means that they did not look to the other evidence of extraordinary circumstances that she presented okay perhaps i don't know if the other judges want to stay on this first point but i do want to hear on the second point on the on the cat point and let me maybe start out somewhere a little different from where you would start out let's let's grant let's grant the other predicates of the factual maybe maybe the board was mistaken here on what the the procedural threshold for reopening or something else even if we grant those things and you can look back to them later i want to know why isn't acquiescence just fatal to your claim right i don't see how any of this new evidence casts light on acquiescence you have an adverse finding on acquiescence from beforehand so even if you win on you met the procedural standard you only has to be a credible possibility for remand uh why isn't lack of any showing of acquiescence by the government of jamaica and the potential gang threat fatal to a cat claim yes your honor so miss darby did present new evidence persuasive on that point she showed what is her new evidence bear on acquiescence at all sure your honor so she presented evidence that the person she fears in jamaica and that person's associates were responsible for the death of another person involved with the same lottery and there was no police interference with that wait what do you mean no how is there evidence that the police failed to prevent one murder how does that amount to any kind of evidence of acquiescence a murder happens in jamaica you're saying that by itself tends to show acquiescence your honor i think it's the fact that it was orchestrated without interference and without apparent repercussion of any kind what evidence what evidence has your client submitted that shows that there was no government interference and there were no government repercussions your client alleges that this person was involved what evidence admissible material evidence has your client submitted that suggests you know that there was no that the police kind of stood down stood out of the way and did nothing to to inflict repercussions afterwards yeah and that's because the statement from the jamaican jamaican official cited in the article that that mr rb submitted mentions nothing of an investigation or suspects or anything to that effect a short news article there's like a sentence does the sentence say this is okay by the jamaican police or this is not a priority or anything like that that particular article your honor does not however what the bia is required to do on a motion to reopen is to consider both the new evidence and the existing evidence together and determine whether that satisfies the prima facie threshold so every time there's a newspaper article that mentions a killing coupled with some old evidence the board has to reopen well your honor not just in the newspaper article mentioning a killing but also the sworn testimony of miss darby indicating that the person the chief here in jamaica was involved in that he was involved but that that the fact that he's involved has nothing to do with acquiescence she has no personal knowledge or admissible evidence that the police were involved that there's a deal with the police that the police are too scared anything like that correct well i think your honor whether or not that evidence exists is something that would have to be developed on you have none that you can cite to me that's in the record what i can say to you on the record your honor is miss darby's testimony that she uh believes from her own experience with with the lottery scheme um uh that the that the police would not scheme and others the immigration judge in her prior proceedings credited that police officers were involved with that particular lottery scheme and your honor that's just consistent with the broader evidence in the record that corrupt that corruption and and and violence related to lottery schemes is a significant problem in jamaica did you tender country conditions evidence that the police avoid um cracking down on such crimes yes your honor that was in the in the uh that's some of the existing evidence in the record um we go through some of that at page 18 of our reply brief and all right we'll hear from miss plazer both about that and about the the former ij's finding um so go on so yes your honor to just wrap up on the convention against torture point um the evidence regarding that violence in jamaica as well as the evidence that miss darby that the person miss darby fears was now aware of her is evidence that the bia was required to accept as true that failure combined with the overarching failure to apply the wrong evidentiary standard infects every part of the bia's convention against torture ruling and really the the essence of that problem your honors is that page eight of the appendix the bia said the motion will be denied as the respondent has not shown that an exception to the 90-day filing applies we have considered their motion but she's not submitted evidence that she is more likely than not to be subjected to torture that's the wrong standard it should be the prima facie standard a reasonable likelihood or a realistic chance of success the government's argument has just been that that is that reflects the materiality standard as the prima instead of the prima facie standard but that would be wrong as well your honors as we explained in our reply brief um i see that i've gone over time so unless the court has any questions i'll save the rest of my comments for rebuttal and we'll see you back shortly mr barman thanks thank you your honor miss glazer good morning may it please the court sherry glazer appearing on behalf of the united states attorney general as miss darby pointed out your honors there are two separate issues in this case there's the board's refusal to invoke its sua sponte authority which the court lacks jurisdiction to review and the board's denial of miss darby's untimely motion to reopen to reapply for cap protection and the board acted well within its discretion in denying her motion on this basis could you address counsel's issue with respect to the concluding paragraph and his argument that the analysis or lack thereof violates both to process and is a legal issue that we do have jurisdiction over absolutely i'll start with uh his or her argument that is a legal juror that is a legal issue that this court has jurisdiction to review um what miss darby's trying to do in presenting this argument she's really manipulating what the board said and why the board declined to invoke its sua sponte authority all the board was saying in looking at this last paragraph is that when an individual like her becomes the recipient of a family-based visa petition when that happens it provides a visa that's immediately available to the person the individual doesn't have to wait for a priority date to become current which can take quite a bit of time and provides a path to apply for adjustment of status all the board was saying is when that happens after an order of removal has become administratively final that's not rare that's not an exceptional circumstance and so she really is only potentially it didn't it didn't evaluate her adjustment of status application based on any legal determination it just said that's not rare or exceptional and so we're not going to invoke our sua sponte authority because of that there was absolutely no analysis whatsoever with regards to whether she is legally eligible for adjustment of status and just sort of on top of that while she claims that she is she's not as judge by this points out a 212 h waiver is purely discretionary too you see that in the first line of the statute where it says that with that such a waiver may be granted within the attorney general's discretion if an individual meets certain requirements and the same is true for adjustment of status even if somebody does meet all the requirements it doesn't mean the person's to be granted it as a matter of pure discretion and here we have an individual who is convicted of an aggravated felony 212 h waiver does not waive that so we still have that in the picture so the board really by saying she's potentially eligible and becoming potentially eligible after her final order of removal became administratively final that's not rare exceptional that's all the board was saying it was acted purely within its discretion there's no legal determination whatsoever and she brings up plumey and plumey is a very different situation from here in plumey what the board said was we decline to invoke our sua sponte authority saying that um plumey's concern about his future health care in albania wasn't relevant to his future persecution claim and this court said well that actually could legally be relevant to his claim so we're going to remand the case because the board relied on an incorrect legal premise we don't have anything like that in this case anything whatsoever and so the government would argue that there was in fact no legal error the board did not rely on any incorrect legal premise whatsoever in declining to invoke its sua sponte authority and if i could turn to the constitutional issue of the if your honors have no questions on that you're sure as well as the the language in itself and in the concluding paragraph suggesting that the bia did not consider the family circumstances well it that's an interesting point to bring up um if you look at her motion to reopen the harms to her family that she cites in her motion to reopen uh if that's in paragraphs um on the in the record on pages 27 to 28 the evidence related the evidence relates to harms to her family that was submitted with regards to the 212 h waiver that was not submitted with regards to sua sponte reopening that the sua sponte reopening argument is in paragraph 18 on page 29 of the administrative record and what she argues is that her contributions to this merit sua sponte reopening um that she didn't have any convictions before or after her convictions in 2000 her conviction in 2014 and that her conviction does not reflect her true character that was the basis on which she requested sua sponte reopening so to the extent that she's arguing that the board you know somehow relied on some incorrect legal premise by not addressing the harm well the board wasn't required to address any harm because it acted purely within its argument to ask for sua sponte reopening and with regards to her constitutional claim you know her argument it's it's interesting because she her argument is that her due process claim is focused on the board's failure to consider the record in her motion to reopen with regards to her adjustment of status application in conjunction with the 212 h waiver but these arguments missed the mark your honors because what the central issue is in this case is the board's declining to sua sponte reopen her case and that has to happen first before her adjustment of status application is adjudicated and she's trying to jump the court forward to skip over that but that is the central issue in fact in page 42 on her brief she even contends that because she has this approved family-based visa petition the quote only barrier to her applying for relief is the need to reopen her proceedings but that's no small thing because this court has held that the board's um the board essentially has unfettered discretion in whether to sua sponte reopen a case or not and that's where torres really comes into play in the analysis in torres and in hernandez this court held that when a due process claim is raised the first thing that the court must do in any situation where due process claim is raised it doesn't matter what the details are of the claim is to assess whether there's a constitutionally protected liberty interest at stake and there is not one here and the analysis in torres is really telling and the government would request that the court follow that analysis and apply it to this case and this court reasoned that torres had no due process liberty interest the issue in that case was 212c relief former 212c relief because any grant of that relief was purely speculative because the statute doesn't set out any criteria for determining under what circumstances the former 212c relief should be granted and the same is true with sua sponte reopening if you look at the regulation at 8 cfr 1003.2a you know in fact this court has previously found in a case the government cites kaya the uhays that the board that there's nothing in the regulation that requires the board to reopen proceedings using its sua sponte um authority under any set of circumstances there's criteria set out in the regulation there are no guidelines there's nothing it's purely within the board's discretion and because of that there's no constitutionally protected liberty interest at stake here and her due process claim fails right there it does not go any further and while she cites abdullai to argue that um this court should follow that case you know in this court in abdullai which was issued before torres and before hernandez did say that despite the fact that there is no constitutional right to asylum aliens facing removal are entitled to due process the court didn't reconcile at all that one line in the case with the fact that you know asylum is discretionary but the first step that what the court has to do is determine whether there's a constitutionally protected liberty interest and there just isn't one here she has no constitutionally protected liberty interest in being granted sua sponte reopening or even being considered for it the court um analyzed that second aspect in torres too and that analysis is also perfectly applicable to this case you know the court held that because discretionary relief is a matter of grace rather than a matter of right aliens don't have a due process liberty interest in such relief and again it looked at 212c found that because it uses no explicit mandatory language that could presumption in favor of relief and speaks only to discretion that really it's just a mere hope that it will be granted and the same is true for sua sponte reopening the government would argue that because for those reasons her due process claim fails on that basis in that basis alone you address the judge beavis's questions to opposing counsel with respect to the acquiescence absolutely um judge beavis got it right on the mark is something that i was going to to bring up that the court can deny her motion her untimely motion to reopen um to reapply for cat protection just based on the acquiescence prong because you know her motion to reopen in terms of acquiescence is necessary for every single cat claim no matter what evidence somebody presents regarding if somebody is going to in fact torture them or you know whatever is presented it has to also somebody also always has to present evidence of acquiescence and there is absolutely and what somebody has to do in a motion to reopen of course is present new evidence evidence that was not presented before and there is absolutely none in her motion to reopen all she does is rely on evidence presented in the underlying proceedings and a motion to reopen is not an opportunity to sort of get a second bite at the apple to challenge an underlying decision when the individual like here did not file a petition for review within 30 days of that decision what she says in her motion is while i cannot contend that all members of law enforcement would fail to assist me i still submit that many of them would turn a blind eye a blind eye to my torture and as demonstrated during my individual hearing before the immigration court there's no law enforcement personnel participate in lottery schemes and essentially would acquiesce to any torture so all she does is rely on the old evidence and to the extent that she's trying to rely on this article regarding miss warren's murder there's no evidence whatsoever that a public official or any individual acting in an official capacity in jamaica acquiesced to that torture consented to that torture remain willfully blind to that torture there's no evidence whatsoever on this particular aspect her motion is styled more like a motion for reconsideration asking for the board to look at the evidence that was presented before and reach a different conclusion which is not what a motion to reopen is a motion to reopen is to submit new evidence on something and she fails to do it on the acquiescence prong and this court can deny the petition for review with regards to her reapplication for cat protection on that basis and that basis alone judge beavis judge porter any further questions for the government nothing no thank you thank you very much your honors thank you mr bowerman mr bowerman you out there thank you your honor so to first address the government's point about what miss darby argued in her motion to reopen on the exceptional circumstances point when it's all read together it's very clear that the harm to her family and her status as a cooperator was very much part of her exceptional circumstances argument paragraph 18 that the government was referring to that's where she first mentions the exceptional circumstances standard in there that includes mention of her being a loving caring and nurturing mother and daughter and then her status as a cooperating witness the respondent even took the extra step after her arrest to make amends for her crime be full cooperation with federal authorities the next paragraph gets into more detail about some of the other bases for argument that there are exceptional circumstances and to the discussion of her cooperation as well as her physically ill mother and sick united states children who continue to depend on her for guidance and support all those arguments were presented in support of her request for sui sponte reopening and none of them were addressed and so your honor said to just comment again on why that's a legal or constitutional error the government's argument appears to be that judge becker's decision in abdullah was wrong but it wasn't the point is that torres and abdullah in that line of cases deal with different kinds of claims torres was a failure to advise case the petitioner there was not told during his removal proceedings and he was eligible for a 212c waiver and so he never replied for them the court had to decide whether that was a due process violation it concluded that it wasn't because that petitioner otherwise had a fair removal hearing where he received individualized considerations of the arguments he did make abdullah is a different kind of case abdullah is describing that even when there's discretionary relief at issue the the board or the ij has to consider what evidence and arguments are presented jang your honors made clear that that principle applies in the reopening context and hope q also made clear that that that principle applies in the sua sponte reopening context to the extent hoped is in conflict with those with those decisions it's not persuasive and so your honors again the court doesn't need to resolve the debate between whether this is a constitutional error enough because a legal error alone is sufficient to warrant reopening on that claim and this is a legal error the failure to consider evidence which is basically deeming all the elements as the evidence as irrelevant to the question of exceptional circumstances even though it very well could be and finally your honors just one last point on the convention against torture claim the real essence of miss darby's motion was that there was a materially greater risk of harm to her in jamaica than at her last proceedings and that's because the person she feared was now definitively aware of her cooperation and was responsible for violent hearing to present new evidence in support of a claim for relief miss darby's motion did that satisfying the prima facie standard the board reached the contrary conclusion only by applying the wrong threshold ignoring evidence that she submitted and failing to accept that it's true and failing to draw reasonable inferences in her favor the fact that the board made certain legal errors both in her original proceedings and also in her motion to reopen does not it's not an excuse the board uh committed the same errors in terms of their standard on relocation as well as their focus on official policies rather than the result of those official policies when it comes to acquiescence the evidence in the record showed that 50 of murders in jamaica stemmed from lottery schemes and that police corruption contributed significantly to that that's the kind of evidence that the board was required to consider and that it failed to do so your honors unless the court has further questions we ask the court to reverse and with instructions to reopen as it's done in chardar and other cases but at the very least to remand so the board can correct the errors on both of miss darby's claims thank you mr barman and thank you very much for your efforts here your pro bono efforts on behalf of miss darby thank you and the folks at hogan levels it's greatly appreciated by all of us on the third circuit thank to all council for your excellent briefing all the supplemental briefing we asked you to do all your 28 j letters thanks again be well have a good day